# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH R. HALE d/b/a MATRIX AV GROUP & TRADESHOW SERVICES,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**EVIDENCIA DISPLAY; EMBRATUR BRAZILIAN TOURISM BOARD; TIAGO MANSO,**<br><br>    **Defendants.** | Case No.: SACV 15-0538 DOC(RNBx)<br><br>**ORDER DENYING REQUESTS FOR ENTRY OF DEFAULT [15] [16]** |

    Before the Court are Plaintiff Kenneth Hale's Requests for Entry of Default Judgment ("Evidencia Request" and "Embratur Request") (Dkts. 15, 16) against Defendants Evidencia Display ("Evidencia Display") and Embratur Brazilian Tourism Board ("Embratur"). For the reasons provided below, the Court DENIES Plaintiff's Requests.

    **I.  Background**

    The following facts are taken from Plaintiff's Complaint ("Compl.") (Dkt. 1).

    Evidencia Display is a Portuguese business entity and a citizen of Portugal. Compl. ¶ 2. The Complaint states that Embratur is a Brazilian business entity and a citizen of Brazil. *Id*. ¶ 3. However, Embratur may be an "agency or instrumentality of a foreign state," 28 U.S.C. § 1603(b), and therefore protected by the Foreign Sovereign Immunities Act ("FSIA"), 28

U.S.C. §§ 1330, 1332, 1391(f), 1441(d), 1602-1611.[1] Tiago Manso ("Manso"), an individual, is a Brazilian citizen. *Id*. ¶ 4. Plaintiff alleges that Evidencia Display, Embratur and Manso are all alter egos of one another. *Id*. ¶ 7.

On or about September 15, 2014, Plaintiff contracted with Evidencia Display and Manso to deliver and assemble a tradeshow display booth in Las Vegas, Nevada in exchange for $324,014. *Id.* at ¶ 10. Although Plaintiff satisfied his obligations under the contract, Evidencia Display and Manso failed to fully pay him, causing damages of $231,367.26. *Id*. at ¶ 11-13. It is unclear what Embratur's role was, beyond being the alleged alter ego of the two other Defendants.

On April 6, 2015, Plaintiff filed this lawsuit, asserting claims of (1) breach of contract; (2) goods and services sold and delivered; (3) open book account; and (4) account stated against Evidencia Display and Manso. Plaintiff also brought a (5) unjust enrichment claim against Embratur, Evidencia Display, and Manso. *See generally id.* Plaintiff has since dismissed without prejudice his claims against Manso. *See* Notice of Voluntary Dismissal, July 9, 2015 (Dkt. 17), leaving Evidencia Display and Embratur as the only remaining Defendants.

Plaintiff filed Proof of Service on Evidencia Display on June 5, 2015. *See* Proof of Service (Dkt. 12). Plaintiff filed Proof of Service on Embratur on May 20, 2015. *See* Proof of Service (Dkt. 11). In each instance, Plaintiff sent the summons, complaint, alternative dispute resolution notice, civil case cover sheet, notice of assignment to this Court, this Court's initial standing order, and an acknowledgment of receipt of service form by mail to Defendant, with return receipt requested. Embratur Request, Ex. A; Evidencia Request, Ex. A. Neither Evidencia Display nor Embratur has responded to the Complaint. On July 7, 2015, Plaintiff filed the instant requests for the Clerk to enter default against Evidencia Display and Embratur. *See*

---

[1] A court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be reasonable questioned. Fed. R. Evid. 201(b)(2). The Court hereby takes judicial notice that the "Foundation and Structure" page on Embratur's website, http://www.embratur.gov.br/piembratur-new/opencms/historia/fundacao_estrutura.html (last visited July 29, 2015), states that Embratur was created in 1966 by a governmental decree.

Evidencia Request, Embratur Request. Because of the complexity involved in foreign service of process, the request was forwarded to this Court (Dkt. 18).

**II. Legal Standard**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Entry of default must be set aside if the defendant was not served properly. *Quach v. Cross*, No. CV 03-09627 GAF, 2004 WL 2862285, at *1 (C.D. Cal. Dec. 3, 2004). Therefore, before entering default against them, the Court will consider whether Evidencia Display and Embratur received adequate service of process.

As described in further detail below, the Federal Rules of Civil Procedure govern service of process on a foreign corporation outside the United States. However, if the foreign entity is an agent or instrumentality of a foreign state or is considered a political subdivision of a foreign state, the FSIA's service of process provisions apply.

**III.    Analysis**

**A.  Service of Process on Evidencia**

Evidencia Display is a Portuguese corporation. Because there is no evidence that Evidencia Display is affiliated with any government, the Court will apply Federal Rule of Civil Procedure 4.

**1.  Legal Standard for Service of Process on a Portuguese Corporation**

Under the Federal Rules of Civil Procedure, a foreign corporation not within any judicial district of the United States may be served in any manner prescribed by Rule 4(f) except personal delivery under Rule (f)(2)(C)(i). Fed R. Civ. P. 4(h). Therefore, a foreign corporation may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

>(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>>(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>>(C) unless prohibited by the foreign country's law, by:
>>
>>>. . .
>>>
>>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

With regard to foreign service by mail, the Ninth Circuit has held that the Hague Convention allows service of process by international mail. However, that service must be performed in accordance with Rule 4(f)(2)(C)(ii) or (f)(3), the only two parts of Rule 4 that authorize service of process by international mail. *Brockmeyer v. May*, 383 F.3d 798, 808-09 (9th Cir. 2004); *see id.* at 806-08 (holding that Rule 4(f)(2)(A) does not authorize service of process by international mail, or at least ordinary, first-class international mail). Service made under Rule 4(f)(2) must be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(*l*)(2)(B).

Thus, the question before the Court is whether Plaintiff's service by international mail complied with Rule 4(f)(2)(C)(ii) or (f)(3) and, if so, whether Plaintiff has sufficiently proven service under Rule 4(*l*)(2)(B).

//

//

//

-4-

### 2. Analysis

Plaintiff's method of service does not comply with Rule 4(f)(3) because he did not receive prior court approval before serving Evidencia by mail. *Brockmeyer*, 383 F.3d at 806 (requiring a prior court order to effectuate service under Rule 4(f)(3)).

With regard to Rule 4(f)(2)(C)(ii), the threshold question is whether Portugal prohibits service of process by mail. According to the U.S. Department of State, Portugal is a party to the Hague Convention and appears to accept service of process by mail. *Portugal*, http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/portugal.html (last visited July 29, 2015).

The next question is whether Plaintiff followed the procedure laid out in Rule 4(f)(2)(C)(ii). The documents were sent with return receipt requested, although not by the clerk of the court. The fact that the clerk of the court did not send them is not fatal to adequate service, as the Ninth Circuit requires only substantial compliance with Rule 4. *See Straub v. A P Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994).

However, Plaintiff has not proven service as required by Rule 4(*l*)(2)(B), which requires "a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Here, Plaintiff has submitted an affidavit which shows that the documents were placed in the mail. However, Plaintiff has provided no proof that the addressee actually received them.

### 3. Conclusion

Accordingly, the Court DENIES Plaintiff's Request for Entry of Default against Defendant Evidencia Display without prejudice to Plaintiff re-submitting the Request with sufficient proof of service.

### B. Service of Process on Embratur

At this juncture, the Court is unclear as to whether Embratur is an agency or instrumentality of a foreign state, a political subdivision of a foreign state, or a corporation wholly unaffiliated with the Brazilian government. Thus, it is unclear what standard should be used to determine whether Plaintiff has properly served Embratur. However, Plaintiff has not

met any of the standards. Thus, Plaintiff's Request must be denied irrespective of whether Embratur's status.

### 1. Legal Standard for Service of Process on a Brazilian Corporation Under the Federal Rules of Civil Procedure

If Embratur is a corporation unaffiliated with the Brazilian government, Plaintiff would have to comply with Federal Rule of Civil Procedure 4. The issue before the Court is thus whether service by mail was adequate service of process for Embratur, assuming it is a corporation unaffiliated with a foreign government.

The permissible methods of service for a foreign corporation under Federal Rule of Civil Procedure 4 and the requirements for serving a foreign entity by international mail were described above, so the Court will not repeat it here.

### 2. Assuming Embratur is Unaffiliated with the Brazilian Government, Plaintiff Has Not Complied with Federal Rule of Civil Procedure 4

As with Evidencia, Plaintiff did not obtain prior court approval to serve Embratur by mail under Rule 4(f)(3). Thus, Plaintiff cannot claim that he complied with Rule 4(f)(3) either. *See Brockmeyer*, 383 F.3d at 806 (requiring a prior court order to effectuate service under Rule 4(f)(3)).[2]

Unlike Portugal, which is a Hague Convention signatory and which appears to permit service by mail, Brazil is not a party to the Hague Convention, *see Brazil*, http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/brazil.html (last visited on July 29, 2015); *see also Yanyac v. Cazassa*, 2013 WL 3766912, at *1 (Conn. Super. Ct. June 27, 2013) (unpublished), and the Court has not been able to find any indication

---

[2] The Court notes that courts are split on whether courts should allow service by mail in Brazil under Rule 4(f)(3). Some courts have allowed other means of service, including service by mail, email, or in-person delivery under Rule 4(f)(3), citing the expense and long delays involved in service through letters rogatory in Brazil. *Russell Brands, LLC v. GVD Int'l Trading, SA*, 282 F.R.D. 21, 25 (D. Mass. 2012); *Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-0280-PHX-LOA, 2011 WL 810250, at *2 (D. Ariz. Mar. 3, 2011); *Lyman Morse Boatbuilding Co. v. Lee*, No. 2:10-CV-337-DBH, 2011 WL 52509, at *3 (D. Me. Jan. 6, 2011). However, other courts have invalidated service by mail in Brazil based on principles of international comity, since Brazilian law does not appear to permit service by mail. *See J.B. Custom, Inc. v. Amadeo Rossi, S.A.*, No. 1:10-CV-326, 2011 WL 2199704, at *6 (N.D. Ind. June 6, 2011); *see Lake Charles*, 2007 WL 1695722, at *2.

that Brazilian law permits service by mail. Rather, courts have stated that "Brazilian law mandates that foreign legal pleadings be served upon corporate citizens of Brazil by means of letters rogatory issued to the Ministry of Foreign Relations." *Lake Charles Cane LaCassine Mill, LLC v. SMAR Int'l Corp.*, No. 07-CV-667, 2007 WL 1695722, at *2 (W.D. La. June 8, 2007); *accord Alpha Omega Tech., Inc. v. PGM - Comercio E Participacoes Ltda.*, No. 93 CIV. 6257 (PKL), 1994 WL 37787, at *1 (S.D.N.Y. Feb. 9, 1994) (agreeing with the defendant's argument that "Brazilian law requires that service of process by a foreign party upon a party domiciled in Brazil must be made by means of letters rogatory."). Unless Plaintiff can provide evidence or legal authority that Brazilian law permits service by mail, the Court is reluctant to hold that service by international mail comports with Rule 4(f)(2)(C)(ii).

Plaintiff has not attempted to serve Embratur through letters rogatory. Thus, if we assume that Embratur is a Brazilian corporation unaffiliated with the Brazilian government, Plaintiff has not properly served Embratur.

### 3. Legal Standard for Service of Process to an Agency or Instrumentality of a Foreign State Under the FSIA

The Court next considers whether Plaintiff has properly served Embratur, assuming that Embratur is an agency or instrumentality of the Brazilian government. Under the FSIA, service shall be made on an agency or instrumentality of a foreign state:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state--

      (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

      (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

      (C) as directed by order of the court consistent with the law of the place where service is to be made.

28 U.S.C. § 1608(b).

### 4. Plaintiff Has Not Complied with the FSIA's Service of Process Provisions for Agencies or Instrumentalities of a Foreign State

If we assume that Embratur is an "agency or instrumentality" of a foreign state, Plaintiff has not properly served Embratur under the FSIA. Because Plaintiff has not suggested that any special arrangement exists between him and Embratur, § 1608 (b)(1) does not apply here. As Plaintiff does not allege that he served an officer or agent of Embratur who was authorized to receive service, service was not proper under the first part of § 1608(b)(2). As discussed above, Brazil is not a Hague Convention signatory, so the Hague Convention methods of service do not apply. Plaintiff has not gone through the letters rogatory process. Thus, the second part of § 1608(b)(2) and § 1608(b)(3)(A) and (C) do not apply.

This leaves only § 1608(b)(3)(B). There are two potential objections to Plaintiff's method of service pursuant to § 1608(b)(3)(B). First, the documents were not dispatched by the clerk of the court. *See* Embratur Request, Ex. A. Second, Plaintiff has not indicated that he translated the forms into Portuguese, Brazil's official language, before sending them. *Id*.

As with Rule 4, the Ninth Circuit only requires substantial, rather than strict, compliance with the service requirements of § 1608(b). *Staub v. A P Green, Inc*., 38 F.3d 448, 453 (9th Cir. 1994). The fact that the documents were not dispatched by the clerk of the court is not fatal to the Court's jurisdiction. *See id.* (holding that the plaintiff's "failure to dispatch the complaint by the clerk of the court did not per se deprive the district court of jurisdiction."). However, "[f]ailure to deliver a complaint in the correct language is such a fundamental defect that it fails

both a 'strict compliance' test and a 'substantial compliance' test." *Id*. Since Plaintiff has not provided proof that he served Embratur with a Portuguese version of the complaint and summons, the Court cannot find that Plaintiff complied with § 1608(b)(3)(B).

Thus, assuming that Embratur is an agency or instrumentality of a foreign state, Plaintiff has not properly served Embratur under the FSIA.

### 5. Legal Standard for Service of Process to an Agency or Instrumentality of a Foreign State Under the FSIA

The Court next considers whether Plaintiff has properly served Embratur, assuming that Embratur is a political subdivision of the Brazilian government. Some of the methods of service allowed for agencies or instrumentalities of a foreign state are also allowed for political subdivisions of a foreign state. For instance, the political subdivision can be served "(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality." 28 U.S.C. § 1608(a)(1). A political subdivision can also be served through "delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents" if no special arrangement exists between the plaintiff and the foreign state or political subdivision. *Id.* § 1608(a)(2). If neither of those work, service can be made on a political subdivision

> (3) . . . by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state

>and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a).

### 6. Plaintiff Has Not Complied with the FSIA's Service of Process Provisions for Political Subdivisions of a Foreign State

Like above, Plaintiff has not suggested that any special arrangement exists between him and Embratur. Therefore, § 1608(a)(1) does not apply. As discussed above, Brazil is not a Hague Convention signatory, so the Hague Convention methods of service do not apply. Plaintiff has not served Embratur through letters rogatory, as permitted by the IAC, to which Brazil is a signatory. Thus, § 1608(a)(2) does not apply. Plaintiff has not served the head of the ministry of foreign affairs of Brazil. Thus, he has not complied with § 1608(a)(3) and the § 1608(a)(4) method of service is not yet available to him.

### 7. Conclusion

Because Plaintiff has not complied with the requirements of Federal Rule of Civil Procedure 4(f) or the FSIA, the Court DENIES his request for entry of default against Defendant Embratur, regardless of what standard should apply to Embratur, a Brazilian corporation of unclear origin. This denial is without prejudice to Plaintiff re-submitting the request with adequate proof of service on Embratur.

### IV. Disposition

For the reasons discussed above, the Court DENIES without prejudice Plaintiff's Requests for Entry of Default against Defendants Evidencia Display and Embratur. The Court also hereby sets a status conference on **Monday, November 2, 2015, at 8:30 a.m.** to discuss the status of Plaintiff's service of process on Defendants.

DATED: August 3, 2015

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE